# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| MARCUS LAMONT EASON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02396-SHL-atc |
| | ) | |
| FCI WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DISMISSING § 2241 PETITION FOR
## LACK OF SUBJECT MATTER JURISDICTION,
## CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Before the Court is the pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Marcus Lamont Eason.[1]  (ECF No. 1.)  The Court directed Respondent Warden to respond to the § 2241 Petition on August 8, 2023.  (ECF No. 4.)  Respondent filed an answer on August 25, 2023.  (ECF No. 6.)  Eason did not file a reply.

For the following reasons, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

---

[1] At the time Eason filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee.  (ECF No. 1 at PageID 10.)  He has since been transferred to the Federal Correctional Institution in Yazoo City, Mississippi.  Petitioner's Bureau of Prisons register number is 27430-009.  *See* Federal Bureau of Prisons, Find an inmate (last accessed Sept. 30, 2025).  "A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending."  *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).

I.    **BACKGROUND**

A.    **Criminal Proceedings**

Eason was convicted in 2014 of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and of one count of being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1), and 3147(1).  *United States v. Eason*, No. 4:12-cr-00318-BRW, ECF Cr. Nos. 23, 69–70 (E.D. Ark.).  The federal district court in the Eastern District of Arkansas determined that Eason had at least three prior convictions for violent felonies or serious drug offenses and sentenced him under the Armed Career Criminal Act ("ACCA"), § 924(e), to an aggregate sentence of 300 months of imprisonment.  (ECF Cr. Nos. 82, 87.)  Eason filed a direct appeal.  (ECF Cr. No. 84.)

The Eighth Circuit affirmed his conviction, but vacated his sentence based on the decision in *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the "residual clause" of the ACCA.  *United States v. Eason*, 829 F.3d 633, 640–42 (8th Cir. 2016).  Because the record did not establish that Eason had three qualifying predicate offenses without the ACCA's residual clause, the Eighth Circuit remanded the case to the district court for resentencing.  *Id.* at 642.  On remand, the district court applied the modified categorical approach and concluded that Eason's prior Arkansas convictions for third-degree domestic battery and for first-degree battery were violent felonies under the ACCA's elements clause.  (ECF Cr. 107 at PageID 32.)  The district court considered Eason's rehabilitative conduct post-sentencing, and it imposed a reduced sentence of 262 months.  (*Id.* at PageID 47.)  He appealed again, and the Eighth Circuit affirmed.  *United States v. Eason*, 907 F.3d 554, 560 (8th Cir. 2018).

B.    **§ 2255 Motions**

On October 15, 2018, Eason filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by the Person in Federal Custody.  (ECF Cr. No. 113.)  He alleged

that he received ineffective assistance of counsel.  (*Id*. at PageID 4.)  The district court denied his

§ 2255 motion.  (ECF Cr. No. 115.)  Eason appealed, and the Eighth Circuit denied a certificate

of appealability and dismissed the appeal.  (ECF Cr. No. 125.)

Eason filed a second § 2255 motion on October 16, 2020.  (ECF Cr. No. 127.)  Because

he had not sought authorization from the Eighth Circuit to file a second or successive § 2255

motion, the district court dismissed the motion for lack of jurisdiction.  (ECF Cr. No. 128.)

Eason did not file a motion for authorization to file a second or successive application in the

Eighth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A).

### C.    § 2241 Petition

On June 27, 2023, Eason filed the instant § 2241 Petition.  (ECF No. 1.)  He asks the

Court to "resentence him under [§] 922(g) . . . without [§] 924(e)'s enhanced penalties" based on

*Borden v. United States*, 593 U.S. 420 (2021).  (*Id*. at PageID 1.)  Eason argues that following

*Borden*, his prior Arkansas conviction for third-degree domestic battery no longer qualifies as an

ACCA predicate offense, and that his 262-month sentence exceeds the statutory maximum for a

conviction under § 922(g).  (*Id*. at PageID 8.)  He  invokes the "saving clause" in 28 U.S.C. §

2255(e), arguing that his claims must be brought under § 2241 because the § 2255 remedy is

inadequate.  (*Id*. at PageID 7.)

## II.    <u>ANALYSIS</u>

Courts are authorized to issue writs of habeas corpus under 28 U.S.C. § 2241(c)(3) when

a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."

Federal prisoners may obtain habeas corpus relief pursuant to § 2241 only under limited

circumstances.  The "saving clause" in 2255 provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Courts construing the language of § 2255(e) "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under . . . § 2255." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam). A prisoner's challenge to "the execution or manner in which the sentence is served," however, "shall be filed in the court having jurisdiction over the prisoner's custodian under . . . § 2241." *Id.*; *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining that § 2255 "is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"); *see also McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause thus limits the Court's subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under [§] 2241 if the petitioner could seek relief under [§] 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

In this case, Eason is attacking the validity of his sentence and, therefore, habeas relief is not available to him under § 2241 unless relief under § 2255 is inadequate or ineffective. *See* § 2255(e). Eason has the burden of demonstrating that § 2255(e)'s saving clause applies. *See Charles*, 180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ."

*Peterman*, 249 F.3d at 461.  "[T]he § 2255 remedy is not considered inadequate or ineffective

simply because § 2255 relief has already been denied, or because the petitioner is procedurally

barred from pursuing relief under § 2255, or because the petitioner has been denied permission to

file a second or successive motion to vacate."  *Charles*, 180 F.3d at 756 (citations omitted).  In

*Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit explained:

> [A] federal prisoner who has already filed a § 2255 motion and cannot file another
> one cannot access § 2241 just because a new Supreme Court case hints his
> conviction or sentence may be defective.  Rather, the prisoner must also show that
> binding adverse precedent (or some greater obstacle) left him with no reasonable
> opportunity to make his argument any earlier, either when he was convicted and
> appealed or later when he filed a motion for postconviction relief under [§] 2255.
> Otherwise, § 2255 is simply not inadequate or ineffective to test his claim.  And
> nothing in this court's later precedents gainsays this principle.

*Id.* at 703 (internal quotation marks, alteration, and citation omitted).

A prisoner can obtain relief under § 2241 if he is actually innocent of the crime of which

he has been convicted.  *See Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a

post-AEDPA [Anti-Terrorism and Effective Death Penalty Act, which amended § 2255]

petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241," via

§ 2255(e)'s saving clause, "as a way of circumventing § 2255's restrictions on the filing of

second or successive habeas petitions.").  A successful claim of actual innocence requires the

prisoner to show that "in light of all the evidence, it is more likely than not that no reasonable

juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "Actual

innocence" in this context, "means factual innocence, not mere legal insufficiency."  *Id*.

Previously, claims alleging "actual innocence" of an enhancement to a prisoner's

sentence could not be raised under § 2241.  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir.

2012).  The Sixth Circuit has, however, interpreted the saving clause as permitting prisoners to

seek relief under § 2241, rather than § 2255, to challenge their sentences based on a retroactively

applicable case of statutory interpretation that "could not have been invoked in the initial § 2255 motion," resulting in a "sufficiently grave" sentencing error. *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016). The Sixth Circuit further limited the exception in *Hill* to petitions filed by "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599-600.

The Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), repudiated the Sixth Circuit's interpretation of § 2255(e) in *Hill* in so far as the Sixth Circuit had allowed federal prisoners to seek relief under § 2241, rather than § 2255, if the sentencing challenge was based on a "subsequent, retroactive change in statutory interpretation." *See Hill*, 836 F.3d at 600. In *Jones*, the Supreme Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." 599 U.S. at 471. A prisoner may seek relief under § 2241 only if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court"—for example, if the sentencing court no longer exists—or if the prisoner is seeking to challenge the manner in which he is being detained, as opposed to the legality of the sentence imposed. *Id*. at 474–75.

Eason challenges the validity of his sentence based on *Borden*, which held that a prior conviction does not qualify as a "violent felony" under the elements clause of the ACCA unless the conviction's force element has a *mens rea* greater than recklessness. 593 U.S. at 429. The Court in *Borden* addressed a question of statutory interpretation, and Eason bases his argument on that intervening change in statutory interpretation. (*See* ECF No. 1 at PageID 8.) *Jones* held, however, that § 2255(e)'s saving clause does not permit a prisoner to file a § 2241 based on "an intervening change in statutory interpretation." 599 U.S. at 471. Thus, Eason cannot rely on

6

§ 2255(e)'s saving clause to raise a *Borden* claim in this § 2241 Petition.

Because Eason has failed to meet his burden of showing that § 2255(e)'s saving clause applies, the Court is without jurisdiction to address the merits of the § 2241 Petition. *See Taylor*, 990 F.3d at 499. The § 2241 Petition is therefore **DISMISSED** for lack of subject matter jurisdiction.

## III.    <u>APPELLATE ISSUES</u>

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because the Court lacks subject matter jurisdiction over the Petition, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Eason leave to appeal *in forma*

*pauperis.*

**IT IS SO ORDERED** this 6th day of October, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE